# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DR. BRIAN EDELSTEIN, | ) |
| Plaintiff, | ) |
| v. | ) No. 05 C 3563 |
| COOK COUNTY, | ) Judge John W. Darrah |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Dr. Brian Edelstein, filed suit against Defendant, Cook County, alleging a violation of 18 U.S.C. § 1983 (Count I) and seeking a common law *writ of certiorari* (Count II). Presently pending before the Court is Defendant's Motion to Dismiss.

A reading of Plaintiff's Complaint supports the following summary of the alleged conduct of the parties.

Plaintiff was employed as an attending physician at Cook County's John H. Stroger, Jr. Hospital. During his employment, Defendant sought to discharge Plaintiff because of a complaint that Plaintiff touched an individual in a sexually inappropriate manner. On December 21, 2004, Plaintiff was given a pre-termination hearing by Defendant on the charge. At the hearing, Plaintiff was not allowed to cross-examine his accuser; and the Defendant relied upon hearsay evidence in determining whether Plaintiff should be discharged. On January 26, 2005, Plaintiff was discharged.

In February 2005, an appeal hearing was held regarding Plaintiff's discharge. Plaintiff was again not allowed to cross-examine his accuser, and the Defendant relied upon hearsay evidence in determining that Plaintiff should be discharged. On March 31, 2005, Plaintiff was notified his appeal was denied.

Plaintiff alleges that Defendant's conduct deprived him of his liberty and property rights without due process of law in violation of Section 1983. Plaintiff also seeks a common law *writ of certiorari*.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or the elements of a claim, with the exception found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002) (*Swierkiewicz*); *Walker v. Thompson*, 288 F.3d 761, 764 (7 th Cir. 2002). A filing under Federal Rules of Civil Procedure need not contain all the facts that will be necessary to prevail. It should be "short and plain," and it suffices if it notifies the defendant of the principal events. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claims that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). If there are no set of facts that would entitle the plaintiff relief, dismissal is warranted. *See Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005) (*Stachowski*).

Defendant argues that Plaintiff's Section 1983 claim should be dismissed because no due process violation has occurred because an adequate state remedy exists.

Due process requires "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). However, "no due process violation has occurred when adequate state remedies exist." *Veterans Legal Defense Fund v. Schwartz*, 330 F.3d 937, 941 (2003). A state post-deprivation remedy is considered adequate unless it can "readily be characterized as inadequate to

2

the point that it is meaningless or nonexistent and, thus, in no way can be said to provide the due process relief guaranteed under the fourteenth amendment." *Easter House v. Felder*, 910 F.2d 1387, 1406 (7th Cir. 1990) (*Easter House*). "[T]he fact that an injured party 'might not be able to recover . . . the full amount which he might receive in a § 1983 action is not . . . determinative of the adequacy of the state remedies.'" *Easter House*, 910 F.2d at 1406 (citing *Hudson v. Palmer*, 468 U.S. 517, 535 (1984)).

Here, Plaintiff can file suit in state court for a *writ of certiorari* but, rather, seeks that same remedy in this Court. The common law *writ of certiorari* provides a means whereby a party who has no avenue of direct review or appeal may obtain a limited review of an action by a court or other tribunal exercising quasi-judicial functions. *See Reichert v. Court of Claims*, 203 Ill. 2d 257, 260 (2003) (*Reichert*). The purpose of a *writ of certiorari* is to have the entire record of the inferior tribunal brought before the court to determine, from the record alone, whether the tribunal proceeded according to the applicable law. *See Reichert*, 203 Ill. 2d at 260; *see also Hamlin v. Vaudenberg*, 95 F.3d 580, 585 (1996) (finding inmate review system and *certiorari* review adequate post-deprivation proceedings).

Citing to *Baird v. Board of Educ. for Warren Unit Sch. Dist.*, 389 F.3d 685 (7th Cir. 2004) (*Baird*), Plaintiff argues that filing a suit for *writ of certiorari* is not an adequate remedy because he has been deprived of his property interest in employment – a present entitlement requiring a more timely resolution. However, *Baird* is easily distinguishable from the instant case. In *Baird*, the court held that a state law breach of contract action was not an adequate post-termination remedy for a terminated employee who possessed a present entitlement and who was only afforded a limited pre-termination hearing. *Baird*, 389 F.3d at 692. Unlike Plaintiff in this case, who had a pre-termination

hearing *and* a post-deprivation hearing, the *Baird* plaintiff only had a limited pre-termination hearing – the filing of breach of contract action was inadequate "when the *only available post-termination remedy* is the opportunity to bring a state breach of contract suit, the pre-termination hearing . . . must fully satisfy the due process requirements . . . ." *Baird*, 389 F.3d at 692. (Emphasis added).

Based on the above, Plaintiff's failure to pursue the state remedies available to him does not give rise to a due process claim; and that claim is dismissed. *See Stachowski*, 425 F.3d at 1078 (affirming dismissal of due process claim where plaintiff could have sought state remedy). In the absence of a valid federal claim, Plaintiff's remaining state law claim is dismissed for lack of pendent jurisdiction. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *Mandarino v. Pollard*, 718 F.2d 845, 850 (7th Cir. 1983).

For the foregoing reasons, Defendant's Motion to Dismiss is granted.

Dated: January 10, 2006

JOHN W. DARRAH
United States District Judge

4